# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRISTIAN LOTZ** | * | **CIVIL ACTION NO. 21-CV-1418** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **LIFE INSURANCE COMPANY** | * | **MAGISTRATE** |
| **OF NORTH AMERICA** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

The Plaintiff, Christian Lotz, by his attorney, D. Steven Wanko, Jr., for his complaint against the above-named defendant, hereby states as follows:

## PARTIES

1.      Plaintiff is an adult resident of the State of Louisiana and currently resides in Hammond, Louisiana.

2.      Defendant, Life Insurance Company of North America, on information and belief, is a corporation organized under the laws of the state of Pennsylvania and licensed to do business in Louisiana.

## JURISDICTION & VENUE

3.      As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to enforce the provisions of the Plan pursuant to ERISA §502(a)(1)(B).

4.      Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

00849820

5.      Venue is proper in the Eastern District of Louisiana pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6.      Plaintiff has exhausted his administrative remedies as a condition precedent to filing this action.

## FACTS

7.      From 2014 until the onset of his disability, Plaintiff worked as a truck driver for Estes Express Lines ("Employer").

8.      During the course of Plaintiff's employment with Employer, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits administered by Defendant.

9.      Plaintiff is disabled due to progressive heart disease, diabetes, neuropathy, and depression secondary to his physical limitations.

10.     Plaintiff applied for Social Security Disability benefits following heart surgery on December 21, 2018.

11.     The Social Security Administration approved Plaintiff's claim for Social Security Disability benefits with benefits payable as of December 21, 2018 in the amount of $1,849 per month.

12.     Plaintiff also applied for LTDI benefits administered by Defendant.

13.     Defendant approved his claim for LTDI benefits with benefits payable as of June 25, 2019, in the amount of $2,720 per month.

14.     Offset by his Social Security Disability benefits, Plaintiff's LTDI benefit amount is $871 per month.

15.     On June 11, 2020, Defendant denied Plaintiff's LTDI benefits beyond June 24, 2020.

16.     On February 3, 2021, Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim.

17.     On June 23, 2021, Defendant upheld its upheld its denial of Plaintiff's LTDI benefits beyond June 24, 2020.

18.     Plaintiff exhausted his administrative remedies as of June 23, 2021.

19.     In each of his appeals, Plaintiff submitted complete medical documentation in support of his disability as part of the appeal.

20.     In each of his appeals, Plaintiff submitted all information requested by Defendant.

21.     Defendant failed to fully consider Plaintiff's Social Security Award for purposes of evaluating his LTDI claim.

22.     Defendant failed to consider the issues raised in Plaintiff's administrative appeals.

23.     Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

24.     Defendant did not afford Plaintiff a reasonable opportunity for a "full and fair review" of Plaintiff's claim.

25.     Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect his claim and an explanation of why that material was necessary.

26.     Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

27.     Defendant failed to engage in a meaningful dialogue with the Plaintiff.

28.     Defendant failed to adequately explain their reasons for denying Plaintiff's

benefits.

29.     Defendant conducted a selective review of Plaintiff's medical records.

30.     At all times material to this complaint, Plaintiff has remained disabled as defined

by the Plan.

31.     At all times material to this complaint, the Plan has remained in full force and

effect.

32.     Defendant's denial of LTDI benefits caused Plaintiff to suffer the loss of benefits

and to incur expenses.

### FIRST CAUSE OF ACTION:
### DENIAL OF BENEFITS IN VIOLATION OF
### SECTION 502(a)(1)(B) OF ERISA

33.     The preceding paragraphs are reincorporated by reference as though set forth here

in full.

34.     Since December 27, 2018, Plaintiff has been disabled, as that term is defined by

the Plan.

35.     Defendant arbitrarily and capriciously denied LTDI benefits due to Plaintiff as of

June 25, 2020.

36.     Defendant has interpreted and applied the terms and conditions of the Plan in a

manner that is inconsistent with the plain language contained therein.

37.     Upon information and belief, Defendant has inconsistently interpreted the terms

and conditions of the Plan from one case to the next.

38.     As both the payer of claims and the adjudicator of claim eligibility, Defendant has

an inherent conflict of interest.

39.     For these and other reasons, Defendant acted in violation of Section 502(a)(1)(B)

of ERISA when it wrongfully denied Plaintiff's claim for LTDI benefits.

**WHEREFORE** the Plaintiff demands judgment from the Defendant for the following:

A.      Payment of all retroactive LTDI benefits owed to the Plaintiff under the terms and

conditions of the Plan;

B.      A declaration of Plaintiff's continued eligibility for all LTDI benefits under the

Plan;

C.      Prejudgment interest;

D.      Reasonable attorney's fees and costs related to the action; and

E.      Such other and further relief that the Court deems just and equitable.


Dated this 26th day of July 2021.


                            **THE WANKO LAW FIRM , LLC**

                            Respectfully submitted,


                    By:     **_/D. Steven Wanko, Jr._____**
                            Daniel Steven Wanko, Jr., LSBA 27677
                            Email: steve@wankolawfirm.com
                            19295 N. Third St., Suite 1
                            Covington, Louisiana 70433
                            Telephone: (985) 893-6530
                            *Attorney for Plaintiff, Christian Lotz*